Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA VANDERLAAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MID VALLEY COLLECTION BUREAU, LAW OFFICES OF CHRISTOPHER STAPLETON, THE BEST SERVICE COMPANY, INC., TODD SHIELDS, individually, DONALD HOPP, individually, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-11624<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her Class Action Complaint against the Defendants MID VALLEY COLLECTION BUREAU, LAW OFFICES OF CHRISTOPHER STAPLETON, THE BEST SERVICE COMPANY, INC., TODD SHIELDS, individually, and DONALD HOPP, individually, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff Diana Vanderlaan is a "consumer" as defined pursuant to 15 U.S.C. § 1692a(6) and is a natural person residing in Ventura County, California.

3. Defendant Mid Valley Collection Bureau is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2, is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 and is located in Culver City, California.

4. Defendant Law Offices of Christopher Stapleton is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in Culver City, California.

5. Defendant The Best Service Company, Inc., is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in Culver City, California.

6. Defendants Todd Shields and Donald Hopp are "debt collectors" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and are "creditors" as defined pursuant to Cal. Civil Code §1788.2, with their principal place of business in Culver City, California.

7. That the individual Defendants, Todd Shields and Donald Hopp, are operators, directors, owners and/or managers of the other Defendants.

8. That the individual Defendants, Todd Shields and Donald Hopp, operated, managed and/or controlled Professional Collection Consultants, (the tightly held corporate shell that engaged in practices violating the FDCPA), the Law Offices of Clark Garen, the Law Offices of Christopher Stapleton, The Best Service Company, Inc. and Mid Valley Collection Bureau, and directed and participated in the activity that gives rise to the violations as alleged below.

9. That all named Defendants in this lawsuit occupy and operate out of the same location and use the same address in Culver City, California.

10. That the corporate Defendants are in fact, one economic unit, where each are small, privately held corporations managed, owned, operated and controlled by common individuals, where they share common office locations, staff, and ownership and where they treat the corporations as one profit center.

**JURISDICTION**

11. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendants are located and regularly conduct business in this district.

**FACTUAL ALLEGATIONS**

12. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

13. That a personal debt was allegedly incurred by Plaintiff.

14. That at a time unknown to Plaintiff herein, Plaintiff's alleged debt was referred and/or assigned to Professional Collection Consultants[1] (hereinafter referred to

[1] Professional Collection Consultants ("PCC") filed a Notice of Dissolution in 2018 and is therefore, not a named Defendant in the instant lawsuit.

as "PCC") and then subsequently to Defendant Mid Valley Collection Bureau for further collection.

15. That Defendant Mid Valley Collection Bureau also utilized the Defendants Law Offices of Clark Garen[2], Law Offices of Christopher Stapleton and The Best Service Company, Inc. as its agent(s) in collecting the debt in question.

16. That the Defendants acted together and in cahoots with one another regarding the unlawful collection activity as alleged.

*Count One*

17. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18. That upon information and belief, PCC filed a lawsuit against the Plaintiff in Ventura Superior Court, case no.56-2007-00285252 (hereinafter referred to as the "Collections Lawsuit") in an attempt to collect on the aforementioned debt.

19. That upon information and belief, although PCC knew that it did not have documentation to support its lawsuit, it persisted with legal action anyway in a deceptive manner in order to confuse and intimidate consumers like Plaintiff.

20. That upon information and belief, PCC did not adequately review Plaintiff's account file prior to filing the lawsuit.

21. That upon information and belief, PCC did not have prima facie evidence to support its claims in its lawsuit against the Plaintiff, yet persisted with legal action anyway in an attempt to harass Plaintiff and compel payment of a debt by means of abuse, harassment and coercion.

[2] Attorney Clark Garen passed away in 2019, and is therefore, not a named Defendant in the instant lawsuit.

22. That upon information and belief, PCC systematically files meritless lawsuits in an effort to compel consumers into making payments on certain accounts knowing that they cannot and do not intend to try said cases on their "merits."

23. That upon information and belief, PCC regularly purchases debts and initiates legal proceedings without valid prima face proof of the validity of the debts to compel debtors into payment by means of legal action.

24. That upon information and belief, the individual Defendants, Todd Shields and Donald Hopp, operated, managed and controlled PCC and directed and participated in the activity that gave rise to the violations as alleged.

*Count Two*

25. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. That the Defendants failed to properly serve Plaintiff with the Collections Lawsuit.

27. That according to Defendants, the Plaintiff was "served via personal service on June 11, 2007 at her place of residence; 5485 Southwind Court, Apt. #107, Ventura, Ca, 93003."

28. That Plaintiff was <u>not</u> personally served and was no longer residing at the above-referenced location on the date she was allegedly served.

29. That as a result, Plaintiff did not appear or file an Answer in the Collections Lawsuit.

30. That upon information and belief, the documentation submitted by the Defendants, including the alleged Proof of Service, contained fraudulent information.

31. That the Collections Lawsuit resulted in a default judgment against Plaintiff.

32. That the Plaintiff did not have proper notice of the Collections Lawsuit and the default judgment at the time it was obtained by Defendants.

33. That Defendants knew or should have known that the Plaintiff did not have proper notice regarding the Collections Lawsuit.

34. That upon information and belief, Defendants, in order to obtain default judgments, systematically and intentionally fail to execute proper service of process in their lawsuits against debtors.

35. That upon information and belief, Defendants strategically use questionable service methods to preemptively obtain default judgments without the consumer's knowledge in order to gain unfair leverage in their attempts to collect on debts.

36. That upon information and belief, Defendants engage in the systematic and routine practice of filing frivolous lawsuits, like the Collection Lawsuit, and obtaining default judgments against consumers without due process.

37. That upon information and belief, the Defendants acted together and in cahoots with one another regarding the unlawful collection activity as alleged.

38. That upon information and belief, the individual Defendants, Todd Shields and Donald Hopp, operated, managed and controlled PCC and the other Defendants and directed and participated in the unlawful collection activity as alleged.

39. That Plaintiff is a victim of Defendants' extrinsic fraud.

40. That Plaintiff sues the Defendants in this action for damages, but is not by this action, seeking to set aside the default judgment.

*Count Three*

41. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. That Defendants abused and harassed Plaintiff by filing the Collections Lawsuit, filing fraudulent documentation with the state court and by taking other various legal actions, including garnishments and bank levies, against Plaintiff in an attempt to collect on the alleged debt.

43. That Defendants unlawfully proceeded to execute on a default judgment where they knew that service was improper and were therefore taking legal action against Plaintiff that could not be legally be taken.

*Count Four*

44. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45. That in their attempts to collect a debt, Defendants deceptively and unlawfully allowed debtor accounts and judgments, like the Plaintiff's, to grossly inflate in order to obtain more profits and gain unfair leverage over consumer debtors like the Plaintiff in their collection activities.

46. That said figure consists of unlawfully inflated fees, costs and other unverified amounts.

47. That Defendants have mischaracterized the amount, status and/or nature of the alleged debt.

*Count Five*

48. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. That Plaintiff informed Defendants that she was never served with regard to the Collections Lawsuit.

50. That notwithstanding Plaintiff's disputes, Defendants continued their collection efforts against Plaintiff.

*Count Six*

51. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. That Plaintiff spoke with one "Ron Jacobs," a purported agent of Defendant Mid Valley Collection Bureau.

53. That the agent made various misrepresentations as to the status of Plaintiff's alleged account, made false statements regarding her place of residence, and gave Plaintiff inaccurate and misleading information regarding the history behind the account.

54. That the Defendants' agent would yell and repeatedly hang up on Plaintiff in an effort to intimidate her.

55. That as a result of Defendant's misrepresentations and deceptive statements, Plaintiff, the least sophisticated consumer, was led to believe that Plaintiff had no other choice than to pay, and that the balance would only continue to grow unless she made an immediate payment.

56. That Defendants' conduct caused an unnecessary urgency in attempt to coerce the Plaintiff to pay the alleged debt.

57. That the agent made misleading and deceptive representations, including confusing statements as well as inaccurate legal advice regarding Plaintiff's consumer rights.

58. That Plaintiff was confused and misled by Defendant, and became stressed and more anxious.

59. That in order to stop further abuse and harassment from the Defendants, Plaintiff paid the Defendants under duress and coercion.

60. That during the course of their communications the Defendants' agent made abusive and threatening remarks, false and/or misleading representations as they pertain to the consumer's debt status, false and deceptive statements with regard to the consumer's debt/payment history and gave improper and inappropriate legal advice in an attempt to collect a debt.

*Count Seven*

61. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

62. That the Defendants are operated and run by essentially the same entity and/or individuals, yet gives the appearance that multiple collection agencies, judgment creditors, clients and attorneys are involved in the collection process, while non-attorneys are primarily handling the collection of accounts and giving unauthorized legal advice.

63. That Defendants, in their efforts to collect on bad debts, transfer and/or assign said debts amongst each other and various shell companies that they create and later intentionally dissolve in order to circumvent liability.

64. That the conduct of all Defendants to collect on Plaintiff's account confused and deceived Plaintiff as to the status of her account, who was ultimately responsible for collection, and is a concerted effort by all Defendants to avoid fault, lay blame on the other and circumvent liability.

65. That Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

66. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, sleepless nights and monetary losses.

**AS AND FOR A FIRST CAUSE OF ACTION**

67. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

68. That Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

69. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair:

i. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff and for failing to make proper disclosures;

ii. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; for engaging in the unauthorized practice of law; and by using deceptive means to collect the alleged debt;

iii. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

iv. Defendants violated 15 U.S.C. §1692g by failing to clearly convey the amount allegedly owed by Plaintiff, by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

70. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

71. That each of the co-Defendants jointly and severally operate as debt collectors for profit, regularly engage in unfair and deceptive collection practices, and continuously attempt to avoid liability for their conduct by acting under various corporate shields which regularly "go out of business" and "dissolve" (i.e. PCC) once said corporate shell accumulates liability.

72. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an

amount to be determined at the time of trial but not less than $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

73. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

74. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

75. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

i. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

ii. Defendants have violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

iii. Defendants have violated §1788.15(a) which states that, "No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected;" and

iv. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

76. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and

emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

77. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

78. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**

79. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

80. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

81. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

82. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

83. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

84. That the Defendants have been unjustly enriched by committing said acts.

85. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

86. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

87. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

**CLASS ALLEGATIONS**

88. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

89. The first cause of action is brought on behalf of Plaintiff and the members of a class.

90. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were victims of Defendants' extrinsic fraud upon the state court(s) and the unlawful legal actions they took in order to collect on the judgments that followed.

91. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California, were the subjects of unlawful judicial proceedings and disputed said proceedings with the Defendants on the grounds that any judgment(s) obtained was through improper service.

92. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the collection activity, including Defendants' pleadings and/or collections lawsuits are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who were subjected to meritless lawsuits and/or improper service, a matter capable of ministerial determination from the records of Defendants.

(D) The claims of the Plaintiff are typica of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

(F) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

93. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

94. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

95. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

i. Defendants have violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

ii. Defendants have violated 1692e by using false representations, employing deceptive and misleading means with lack of attorney review

and taking legal actions that could not be legally taken, in an attempt to collect a debt;

iii. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

iv. Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status of accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) An order certifying the class(es) defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

(b) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c) Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq.; Civil Code §1788.30 et seq.; and California Business and Professions Code §§17200.

(d) Special, general, and compensatory damages and punitive damages;

(e) Equitable and injunctive relief;

(f) Restitution;

(g) Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, et seq., common law and/or the Court's inherent power; and

(h) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: December 24, 2020

Respectfully Submitted,

/S/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194